UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMAL SNEED,<br>Plaintiff,<br>v.<br>NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,<br>Defendants. | Case No. 3:25-cv-00654-MMD-CLB<br>SCREENING ORDER |

## I. SUMMARY

*Pro se* Plaintiff Jamal Sneed, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), filed a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1-1 ("Complaint")) and an application to proceed *in forma pauperis* (ECF Nos. 4, 4-1.) The matter of the filing fee will be temporarily deferred. The Court now screens Plaintiff's Complaint under 28 U.S.C. § 1915A.

## II. SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act, a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *See id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide

the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## III. SCREENING OF COMPLAINT

In his Complaint, Plaintiff sues multiple Defendants for events that took place while he was incarcerated at Northern Nevada Correctional Center. (ECF No. 1-1 at 1.) Plaintiff sues Defendants NDOC, Director James Dzurenda, Warden John Henley, and Officer Holz. (*Id.* at 1-2.) The Court dismisses, with prejudice, all claims against the NDOC because the NDOC is an arm of the State of Nevada and is not a "person" for purposes of 42 U.S.C. § 1983. *See Doe v. Lawrence Livermore Nat. Lab.*, 131 F.3d 836, 839 (9th Cir. 1997). The Court now screens Plaintiff's three claims for monetary relief against the remaining Defendants. (ECF No. 1-1 at 3-6.)

### A. Claim 1

In Claim 1, Plaintiff alleges that on or around September 1, 2025, he was on suicide watch because of his untreated psychotic symptoms. (*Id.* at 3.) While Plaintiff was waiting for his medication, Nurse Darlene and Officer Holz approached his cell door. (*Id.*) Darlene handed Holz Plaintiff's medication, but Holz purposely threw the medication under Plaintiff's door, demanding Plaintiff take it. (*Id.*) Holz threw the medication under the door because Plaintiff had used the prison grievance system to report Holz for various acts of

misconduct. (*Id.*) Plaintiff reported Holz to Sgt. Day for throwing the medication. (*Id.*) And Plaintiff sent a written report to Warden Henley and Director Dzurenda. (*Id.*) None of the supervisors punished Holz for his misconduct. (*Id.*) Based on these allegations, Plaintiff alleges violations of the First and Eighth Amendments for retaliation and excessive force.

The Eighth Amendment prohibits the imposition of cruel and unusual punishments. See *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). To state a claim of cruel and unusual punishment, the violation "must be, objectively, 'sufficiently serious[;]' a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citations omitted). The Court finds that Holtz delivering Plaintiff's medication by throwing it is not "sufficiently serious" such that it contemplates cruel and unusual punishment. The Court therefore dismisses Plaintiff's Eighth Amendment claim with prejudice, as amendment would be futile.

Prisoners have a First Amendment right to file prison grievances and to pursue civil rights litigation in the courts. *See Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). "Without those bedrock constitutional guarantees, inmates would be left with no viable mechanism to remedy prison injustices. And because purely retaliatory actions taken against a prisoner for having exercised those rights necessarily undermine those protections, such actions violate the Constitution quite apart from any underlying misconduct they are designed to shield." *Id.* To state a viable First Amendment retaliation claim in the prison context, a plaintiff must allege: "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Id.* at 567–68. Total chilling is not required; it is enough if an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. *See id.* at 568–69. A plaintiff who fails to allege a chilling effect may still state a claim if he alleges that he suffered some other harm that is more than minimal. *See Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012).

The Court finds that Plaintiff fails to state a colorable retaliation claim on screening. Liberally construing the allegations in the Complaint, Holz threw Plaintiff's medication on the floor because Plaintiff had used the prison grievance system to report Holz for misconduct. Taking adverse action against an inmate for using the prison grievance system may constitute retaliation. *See Brodheim v. Cry*, 584 F.3d 1262, 1270 (9th Cir. 2009). But Holz's action of throwing Plaintiff's medication on the ground was minimal and would not chill or silence a person of ordinary firmness from future First Amendment activities. *See Watison*, 668 F.3d at 1115 (stating that more than minimal harms include the filing of false disciplinary charges against a prisoner, placing him in segregation, or interfering with his parole hearing); *see also Valandingham v. Bojorquez*, 886 F.2d 1135, 1138 (9th Cir. 1989) (holding that labeling an inmate a "'snitch' and thereby subject[ing] him to retaliation by [other] inmates" is more than a minimal harm). Therefore, the Court dismisses this claim with prejudice, as amendment would be futile.

**B. Claim 2**

In Claim 2, Plaintiff alleges that on September 10, 2025, Holz approached the food slot on Plaintiff's cell. (ECF No. 1-1 at 4.) Holz grabbed and twisted Plaintiff's arms and shoved them inside the food slot while yelling, "Stop grabbing my arm." (*Id.*) Plaintiff was not touching Holz during this incident. (*Id.*) Holz continued to yell false accusations while reaching for his pepper spray. (*Id.*) But he did not use the pepper spray when he noticed that Plaintiff's palms were lifted and purposely placed in clear view of the cell camera. (*Id.*) Holz screamed expletives at Plaintiff and made threatening remarks. (*Id.*) Based on these allegations, Plaintiff alleges violations of the First and Eighth Amendments for retaliation, access to the courts, excessive force, and failure to protect. The Court interprets this claim as an Eighth Amendment excessive force claim.

When a prison official stands accused of using excessive physical force in violation of the cruel and unusual punishment clause of the Eighth Amendment, the question turns on whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the purpose of causing harm. *See Hudson v. McMillian*,

503 U.S. 1, 6–7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986)). In determining whether the use of force was wanton and unnecessary, it may also be proper to consider factors such as the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. *See id.* at 7. Although an inmate need not have suffered serious injury to bring an excessive force claim against a prison official, the Eighth Amendment's prohibition on cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force. *See id.* at 9–10.

The Court finds that Plaintiff fails to state a colorable excessive force claim on screening. Here, Holz grabbed Plaintiff's arms through the food slot and shoved them back into the cell. During this altercation, Holz was making false statements about what was occurring, such as blaming Plaintiff for touching him. The subjective part of the excessive force test may have been met because Holz's use of force was not justified based on Plaintiff's allegations. But Plaintiff fails to meet the objective part in that he has only stated a *de minimus* harm without actual injury. Holz merely shoved Plaintiff's arms back into his cell. Therefore, the Court dismisses this claim with leave to amend to allow Plaintiff to provide facts concerning the injury, if any, he sustained from Holz's use of force.

**C. Claim 3**

Finally, in Claim 3, Plaintiff alleges that he sent multiple forms to Director Dzurenda and Warden Henley about how Holz threw Plaintiff's medication on the floor and how he grabbed Plaintiff's arm. (ECF No. 1-1 at 5.) According to Plaintiff, Dzurenda and Henley are liable for Holz's actions under a theory of supervisory liability. (*Id.*)

The Court finds that Plaintiff cannot state a colorable supervisory liability claim against Dzurenda and Henley. First, Plaintiff fails to state a claim against Holz in Claims 1 and 2, so his supervisors cannot be held liable for actions that do not rise to the level of a constitutional violation. Second, a defendant is liable under 42 U.S.C. § 1983 "only upon

a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§] 1983." *Id.*; *see also Iqbal*, 556 U.S. at 676 (holding that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Therefore, the Court dismisses this claim without prejudice.

## IV. LEAVE TO AMEND

Because Plaintiff fails to state any colorable claims, the Court dismisses the entire Complaint without prejudice. Plaintiff is granted leave to file an amended complaint to cure the deficiencies in Claim 2 of the Complaint. Plaintiff only has leave to amend his Eighth Amendment excessive force claim against Holz. If he chooses to file an amended complaint, he is advised that an amended complaint replaces the Complaint, so the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that he wishes to pursue in this lawsuit. Moreover, Plaintiff should file the amended complaint on this Court's approved prisoner civil rights form, and it must be entitled "First Amended Complaint." If Plaintiff chooses to file an amended complaint, he will file the amended complaint within 30 days of the filing date of this Order. If Plaintiff does not comply with this Order, this case will be dismissed without prejudice for failure to state a claim.

## V. CONCLUSION

It is therefore ordered that a decision on the application to proceed *in forma pauperis* (ECF Nos. 4, 4-1) is deferred.

It is further ordered that the Clerk of the Court shall file the Complaint (ECF No. 1-1) and send Plaintiff a courtesy copy.

It is further ordered that the entire Complaint (ECF No. 1-1) is dismissed for failure to state a claim. Defendant NDOC is dismissed with prejudice. Claim 1 is dismissed with prejudice. Claim 3 is dismissed without prejudice. The Court grants Plaintiff leave to amend Claim 2 for Eighth Amendment excessive force against Holz regarding the September 10 incident.

It is further ordered that, if Plaintiff chooses to file an amended complaint curing the deficiencies of his Complaint, as outlined in this Order, Plaintiff will file the amended complaint within 30 days from the date of entry of this Order.

It is further ordered that the Clerk of the Court will send to Plaintiff: (1) the approved form for filing a § 1983 complaint with instructions; and (2) a copy of his original complaint (ECF No. 1-1). If Plaintiff chooses to file an amended complaint, he should use the approved form and mark "First Amended Complaint" in the caption.

It is further ordered that, if Plaintiff fails to file an amended complaint curing the deficiencies outlined in this Order within 30 days of the filing date of this Order, the Court will dismiss this action without prejudice for failure to state a claim.

DATED THIS 24th Day of July 2026.



MIRANDA M. DU
UNITED STATES DISTRICT JUDGE